IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ANGEL BARBOSA and ANTHONY FONTANA, on behalf of themselves and those similarly situated<br><br>            Plaintiffs,<br><br>-vs-<br><br>STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC,<br><br>            Defendants. | Case No.: |

## COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANGEL BARBOSA ("BARBOSA") and ANTHONY FONTANA ("FONTANA") (collectively "Plaintiffs"), on behalf of themselves and other employees similarly situated, sue Defendants, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, ("STORM SMART' or "Defendants") and state:

## NATURE OF ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA").

2. Plaintiffs were employed by Defendants as shutter installer helpers.

3.    Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action on behalf of themselves and other similarly situated employees, to recover unpaid overtime compensation plus liquidated damages (Count I).

4.    Plaintiff Barbosa brings a separate action, individually, for unpaid overtime arising from his employment as a hub installer (Count II).

## PARTIES

5.    **Plaintiff ANGEL BARBOSA** was employed by Defendants, at different times, as a shutter installer helper and a hub installer.

6.    **Plaintiff ANTHONY FONTANA** was employed by Defendants, at different times, as a shutter installer helper and a shutter installer.

7.    **Defendant STORM SMART HOLDINGS LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

8.    **Defendant THE SMART COMPANIES, LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

9.    **Defendant STORM SMART BUILDING SYSTEMS LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

## JURISDICTION AND VENUE

10.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

2

11.   The Middle District of Florida, Fort Myers Division, is the proper venue because the defendant entities are headquartered in Fort Myers, Florida.

### SINGLE EMPLOYER AND INTEGRATED ENTERPRISE

12.   Although separate entities, STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC are a single employer and integrated enterprise for all purposes under the FLSA.

13.   STORM SMART HOLDINGS LLC is a Delaware corporation formed on or about March 17, 2021. Although not registered with the Florida division of corporations to transact business in Florida, STORM SMART HOLDINGS LLC does transact substantial business in Florida, which includes advertising for employees in Southwest Florida, hiring employees in Southwest Florida, managing operations, and transacting business related to hurricane protection sales and manufacturing.

14.   THE SMART COMPANIES LLC is a Delaware corporation formed on March 26, 2021. THE SMART COMPANIES LLC is the surviving company of The Smart Companies, Inc., a Florida corporation converted to a foreign LLC pursuant to Articles of Conversion filed on March 26, 2021.

15.   STORM SMART BUILDING SYSTEMS LLC is a Delaware corporation formed on March 24, 2021.  STORM SMART BUILDING SYSTEMS LLC is the surviving company of Storm Smart Building Systems, Inc. a Florida corporation converted to a foreign LLC pursuant to Articles of Conversion

filed on March 24, 2021. THE SMART COMPANIES LLC is the Manager of Defendant STORM SMART BUILDING SYSTEMS LLC.

16.     STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC are all headquartered in Fort Myers, Florida, with the same principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

17.     At all times material, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, shared a common business purpose, to manufacture, sell and install hurricane protection products, primarily in Florida. To accomplish this common purpose, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, manage and share a workforce of approximately 250 employees.

18.     Pursuant to 29 U.S.C. 203(r)(1) of the FLSA, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, are a single "enterprise." All three companies perform "related activities" through unified operations and are under common ownership, management, and control.

19.     At all times material, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, were the single employer of Plaintiff based on (i) common management; (ii)

interrelated operations; (iii) centralized labor relations; (iv) common ownership and (v) common financial control.

20. Unless stated otherwise, STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC, will be referred to as "STORM SMART" and pled as a single employer and integrated enterprise under the FLSA for purposes of FLSA coverage and imposing liability.

## FLSA COVERAGE

### Enterprise Coverage

21. At all times material to this action, Defendants STORM SMART were Plaintiffs' "employer" within the meaning of the FLSA.

22. At all times material, Defendants STORM SMART employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

23. At all times material, Defendants STORM SMART had gross sales volume of at least $500,000 annually.

### Individual Coverage

24. At all times material, Plaintiffs were "engaged in commerce" and individually covered under the FLSA.

25. At all times material, the work performed by the Plaintiffs was essential to the business conducted by Defendants STORM SMART.

26. The products and materials used by Plaintiffs on a regular and recurrent basis were supplied by STORM SMART and moved directly through interstate commerce.

27. To further Defendants business purpose, Plaintiffs regularly and recurrently communicated with customers and prospective customers outside of the state of Florida.

28. To further Defendants business purpose, Plaintiffs regularly and recurrently communicated with vendors and suppliers outside of the State of Florida.

## COLLECTIVE ACTION ALLEGATIONS

29. STORM SMART sells, manufactures, and installs hurricane protection products, including shutters. To accomplish its business purpose, STORM SMART employs a substantial workforce of approximately 250 employees.

30. STORM SMART employs shutter installer helpers to assist its shutter installers completing shutter installation construction projects.

31. At any given time, STORM SMART employs between 20 and 40 shutter installer helpers.

32. Plaintiff Barbosa worked as a shutter "installer helper" during different time frames from March 2018 until July 2019, and again from 2020 until his separation in 2021.

33. Plaintiff Fontana worked as a shutter installer helper from January 2018 until approximately October or November 2020 when he became a shutter installer.

34.  Plaintiffs and the other installer helpers performed the same or substantially similar job duties. The essential duties of a shutter installer helper are to assist the shutter installers on a per job basis with all tasks necessary to complete the shutter installation.

35.  Plaintiffs and the other installer helpers were paid under the same compensation structure giving rise to the overtime violations.

36.  Plaintiffs and the other installer helpers were paid a flat rate per job, regardless of the hours worked.

37.  During the relevant time frame, Plaintiffs and the other installer helpers worked approximately eleven hours per day, six days per week. Plaintiffs and the other installer helpers regularly worked more than 40 hours per week.

38.  Before May 2021, Defendants did not pay overtime wages to Plaintiffs or the other installer helpers.

39.  After May 2021, Defendants paid overtime wages to Plaintiffs and the other installer helpers.

40.  This common policy or practice resulting in overtime violations uniformly applied to Plaintiffs and the similarly situated installer helpers.

41.  Plaintiffs bring this action on behalf of themselves and other similarly situated shutter installer helpers defined as follows:

**All shutter installer helpers employed by Storm Smart at any time in the three (3) years preceding the filing of the Complaint who worked over forty (40) hours in any workweek and were not paid overtime wages.**

## STATEMENT OF CLAIM
### COUNT I
## VIOLATION OF 29 U.S.C. § 207 - UNPAID OVERTIME
**(Plaintiffs on Behalf of Themselves and All Others Similarly Situated)**

42.   All previous paragraphs are incorporated as though fully set forth herein.

43.   Plaintiffs worked more than forty (40) hours in one or more work weeks.

44.   STORM SMART failed or refused to compensate Plaintiffs overtime wages calculated at 1.5 times the regular rate for all hours worked in violation of  29 U.S.C. § 207 of the FLSA.

45.   Defendants knew its policy and practice for installer helper compensation violated the FLSA overtime provisions. Defendants acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the FLSA and continued violating the FLSA.

46.   Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek unpaid overtime compensation plus liquidated damages in an equal amount on behalf themselves and all others similarly situated.

WHEREFORE, Plaintiffs respectfully request the following relief:

a.   Pursuant to 29 U.S.C. § 216(b), an order of conditional certification authorizing notice to the perspective class and an opportunity to opt-in to the action.

b.   A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

c.   Unpaid overtime wages;

d.  Liquidated damages;

e.  Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

f.  Any other relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 207 - UNPAID OVERTIME
### (Plaintiff Barbosa – Hub Installer)

47.  Paragraphs 1, 4, and 5, and 7 through 28, are incorporated as though fully set forth herein.

48.  This is a separate action on behalf of Plaintiff Barbosa individually for unpaid overtime when he was employed in the position of hub installer for STORM SMART.

49.  Plaintiff Barbosa was a hub installer from approximately July 2019 until 2020. In that capacity, Plaintiff's exclusive duties were to install hubs, an electronic motor component of a shutter system.

50.  As a hub installer, Plaintiff's regular schedule was six days per week, 13 to 15 hours per day.

51.  As a hub installer, Plaintiff Barbosa was paid a flat rate per hub installed. However, STORM SMART did not pay Plaintiff Barbosa overtime compensation for hours worked in excess of 40 in a workweek.

52.  As a hub installer, Plaintiff Barbosa worked more than forty (40) hours in one or more work weeks.

53.  STORM SMART failed or refused to compensate Plaintiff Barbosa overtime wages calculated 1.5 times the regular rate for all hours worked.

54. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff Barbosa.

55. Defendants knew its policy and practice for hub installer compensation violated the FLSA overtime provisions. Defendants acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the FLSA and continued violating the FLSA.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff Barbosa respectfully requests the following relief:

a. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

b. Unpaid overtime wages;

c. Liquidated damages;

d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: December 15, 2022

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017